IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| MAIN ST PROPERTIES LLC, and PATRICK SHANNON,<br><br>Plaintiffs,<br><br>vs.<br><br>CITY OF BELLEVUE, NEBRASKA, BREE ROBBINS, DARRYL KUHLMAN, JANE AND JOHN DOES, and SUSAN KLUTHE,<br><br>Defendants. | **8:20CV278**<br><br>**MEMORANDUM AND ORDER** |

This matter is before the court on Plaintiff's motion for leave to file a supplemental complaint.

Plaintiffs' original complaint alleged claims of (1) Violation of Due Process under 42 U.S.C. § 1983 (substantive and procedural); (2) Violation of Plaintiffs' right to Equal Protection under the Fourteenth Amendment to the United States Constitution and Article I § 3 of the Nebraska Constitution; (3) Retaliation under 42 U.S.C. § 1985(2); and (4) Equitable Estoppel. (Filing No. 1) The undersigned magistrate judge granted Plaintiffs' motion for leave to file an amended complaint pursuant to 15(a)(1)(A). (Filing No. 14, text order). Plaintiffs' first amended complaint asserted additional facts and repleaded the claims asserted in the original complaint. (Filing No. 15).

Plaintiffs filed a Second Amended Complaint, adding facts which allegedly occurred after the filing of the previous pleadings, and adding claims of Impairment

of Contract and Unlawful Taking. (Filing No. 22).[1] Defendant filed a motion to dismiss the Second Amended Complaint. (Filing No. 27). The claim for retaliation under 42 U.S.C. § 1985(2) and the claim for violation of substantive due process were dismissed by the District Judge. (Filing No. 34). Plaintiffs have filed a motion for leave to file a supplemental complaint with additional facts. (Filing No. 52). Defendant did not file a brief in opposition or otherwise respond to Plaintiffs' motion.

### STANDARD OF REVIEW

Federal Rule of Civil Procedure 15(d) governs supplemental pleadings, providing, "On motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d).

"Unlike amendments, which typically rest on matters in place prior to the filing of the original pleading, supplements set out "transaction[s], occurrence[s], or event[s] that happened after the date of the pleading to be supplemented.' " Affiliated Foods Midwest Coop., Inc. v. SuperValu Inc., No. 8:16CV465, 2018 WL 5298407, at *1 (D. Neb. Oct. 25, 2018) citing Human Genome Scis., Inc. v. Kappos, 738 F. Supp. 2d 120, 122 (D.D.C. 2010)(internal citation and quotation omitted). Finally, the trial court has broad discretion to determine whether to grant a party leave to amend under Rule 15(a) or to supplement under Rule 15(d). See Sherman v. Winco Fireworks, Inc., 532 F.3d 709, 714 (8th Cir. 2008); Minnesota Min. & Mfg. Co. v. Superior Insulating Tape Co., 284 F.2d 478, 481 (8th Cir. 1960).

---

[1] Defendants moved to strike Plaintiffs' Second Amended Complaint. It was filed without an accompanying motion to amend the complaint. (Filing No. 23). The court construed Plaintiffs' opposition to Defendants' motion to strike as a motion for leave to file a second amended complaint, which was granted and the second amended complaint was deemed filed instanter. (Filing No. 26).

ANALYSIS

Plaintiffs assert that a supplemental complaint would be more appropriate than an a third amended complaint because this court has already "rendered determinations on the validity of the Second Amended Complaint, including dismissing two claims." (Filing No. 52 at CM/ECF p. 2). Plaintiffs assert that if an amended complaint is necessary, they would need to replead the retaliation and substantive due process claims previously dismissed by the district court. Plaintiffs assert they do not wish to ask the court for reconsideration of those claims, but do not want to waive those claims in the event of an appeal.

Over a century ago, the Eighth Circuit in Williamson v. Liverpool & London & Globe Ins. Co., 141 F.54 (8th Cir. 1905) held that claims dismissed for technical deficiencies are waived if not re-pleaded in the amended complaint, but claims dismissed for a legal deficiency need not be re-pleaded to trigger preservation. This position is consistent with the holding in most courts. See Graham v. Hubbs Mach. & Mfg., Inc., 2015 WL 10986348 (E.D. Mo. June 15, 2015) (collecting cases and explaining that most circuits " 'refuse to require a plaintiff to replead dismissed claims in order to preserve the right to appeal the dismissal,' particularly because an attempt to reallege the claim would likely be futile." Graham, at 1.[2] However, Tolen v. Ashcroft, 377 F.3d at 882, FN 2 (8th Cir. 2004), created uncertainty by holding that "If a plaintiff fails to include dismissed claims in an amended complaint, the plaintiff is deemed to have waived any error in the ruling dismissing the prior complaint.

---

[2] The Eastern District of Missouri concluded that "Williamson's approach currently prevails over Tolen's'" However the court noted "The existence of conflicting case law on the issue and the concern that an appellate court sitting en banc might follow Tolen instead of Williamson are reasonable grounds for plaintiff's re-pleading of the dismissed claims."

Here, the court has dismissed a portion of Plaintiffs' claims on substantive grounds. Under the current circumstances, Plaintiffs are justifiably concerned that if these dismissed claims are repleaded in a third amended complaint, dispositive motion practice will be repeated, but if the dismissed claims are not repleaded, They may be deemed abandoned on appeal. So, Plaintiffs have requested permission to file a supplemental complaint to allege facts which have arisen since the filing of the complaint—a procedure not used often but nonetheless allowed under Fed. R. Civ. P. 15(d). Upon my review, there is no allegation of undue delay or bad faith, and Plaintiffs filed the instant motion on or before the deadline set by the court for amending the pleadings. (Filing No. 49, text order). Defendant has not opposed the motion nor asked for additional time to do so. Additionally, it is in the interest of judicial economy to avoid further dispositive motion practice which would inevitably result from Plaintiffs filing a third amended complaint pursuant to Fed. R. Civ. P. 15(a) which included the previously dismissed claims.

For all of the reasons stated herein,

IT IS ORDERED Plaintiffs' motion for leave to file a supplemental complaint is granted. (Filing No. 52).  Plaintiffs' supplemental complaint, a copy of which is attached to the motion, shall be filed separately of record on or before September 17, 2021.

Dated this 13th day of September, 2021.

> BY THE COURT:
>
> *s/ Cheryl R. Zwart*
> United States Magistrate Judge